UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO VILLA, | ) Case No. EDCV 15-1743 DSF(JC) |
| Plaintiff, | ) MEMORANDUM OPINION AND ) ORDER DISMISSING ACTION |
| v. | ) |
| FNU RAPISI, et al., | ) |
| Defendants. | ) |

On August 28, 2015, plaintiff Mario Villa ("plaintiff"), a state prisoner who is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") which names a single defendant – San Bernardino County Sheriff's Deputy Rapisi ("Rapisi") in his individual capacity only.[1] On August 28, 2015, the Court issued an Order Re: Service of Process by U.S. Marshal ("August Order") directing plaintiff to complete and to return to the Clerk of the Court, a USM-285 Form for Rapisi and to file a Notice of Submission on or before September 11, 2015, indicating that the completed USM-285 Form had been provided to the Clerk of the Court.

---

[1] Plaintiff also sues a single unamed "Doe" defendant.

1

As plaintiff failed to provide the completed USM-285 Form to the Clerk of the Court or to file a Notice of Submission by September 11, 2015, the Court, on October 6, 2015, issued an Order to Show Cause ("OSC") directing plaintiff, by no later than October 21, 2015, to show good cause in writing, if any exists, why this case should not be dismissed based on plaintiff's failure to provide accurate and sufficient information to enable the United States Marshal's Service to effect service of the summons and the Complaint upon Rapisi, plaintiff's failure to prosecute this action, and/or plaintiff's failure timely to comply with the August Order. The OSC expressly cautioned plaintiff in bold-face print that the failure timely to comply with the OSC and/or to show good cause, might result in the dismissal of this action. Although the deadline to comply with the OSC expired more than two weeks ago, plaintiff has not responded thereto. Nor has plaintiff submitted a completed USM-285 Form and a Notice of Submission or otherwise communicated with the Court since the issuance of the OSC.

An incarcerated *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to rely on the United States Marshal's Service ("USMS") for service and should not be penalized by having his action dismissed for failure to effect service where the USMS has failed to perform its duties. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). Nevertheless, a plaintiff relying upon the USMS for service must provide the necessary information to effectuate service. Id. Where a *pro se* plaintiff fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court may dismiss the unserved defendant *sua sponte*. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Here, plaintiff has not done so.

Moreover, it is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962);

Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

       This Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal since plaintiff has not submitted the requisite information to enable the Complaint to be served as directed, has not filed a response to the OSC, and has not otherwise communicated with the Court regarding this matter since the issuance of the OSC.  The Court cannot hold this case in abeyance indefinitely awaiting plaintiff's response to the Court's directives.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  In re Eisen, 31 F.3d at 1452-53; Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, as this Court has already cautioned plaintiff of the consequences of failing to prosecute this action and afforded him the opportunity to do so, and as plaintiff has not responded, no sanction lesser than dismissal is feasible.

       Accordingly, it is ORDERED that this action be dismissed based on plaintiff's failure to prosecute and failure to comply with the Court's orders.

DATED: _11/9/15

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE